UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EEOC, )<br>      Plaintiff  )<br>)<br>) | Case No. 04-1323 |
| )<br>Studley Products Inc. and Wildwood )<br>Industries, Inc.,     )<br>      Defendants ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the court is plaintiff's Motion to Bar Defendant's expert witness' report and testimony (#15). For the following reason, the motion is denied.

Plaintiff Jerry Barth has been deaf since birth. In 1981, at the age of 21, he went to work for Studley Products/Wildwood Industries. After 8 years, he got married, resigned, collected unemployment benefits and moved to Missouri. There, he worked at various jobs until 1999. His only child was born in 1991.

In 1999, he and his wife moved back to Central Illinois when his wife accepted a new job here. Upon their return, he filed an application for Social Security disability benefits for himself and his child. He began receiving benefits in 2000; his daughter's benefits began some time later with a lump sum for back benefits and then monthly payments.

Between 2000 and 2002, Barth worked several part-time jobs. In May of 2002, he applied for full-time employment with defendant. He worked without problem or incident

until November of 2002 when he received the first of four disciplinary warnings that ultimately led to his discharge in February of 2003.

In this litigation, Barth contends that he was discharged because of his disability. Defendants, however, contend that various intricacies of Social Security disability eligibility and of tax laws related to disability payments and unemployment benefits motivated the plaintiff's effort to get fired and also motivated his lackluster job search (thereby calling into question mitigation of damages and back pay). For example, a disability beneficiary is allowed to work only 9 months out of every 60, and there is a cap on the allowable income that can be earned.

Defendants have retained a CPA to evaluate various scenarios that might have arisen depending on the income (and tax consequences thereof) that Plaintiff received or could have received from employment, disability benefits, and unemployment benefits. The expert's report is designed to supplement various fact witness testimony about Plaintiff's balancing of income, disability and unemployment benefits, supporting Defendants' defenses, namely that Plaintiff was fired for poor performance and that Plaintiff's poor work performance was motivated by his desire to be discharged so he would (a) not exceed the maximum allowable income and (b) be entitled to unemployment benefits under state law. In addition, the report goes to the defense of failure to mitigate, explaining how taking a job would have affected Plaintiff's various benefits and taxes.

Plaintiff has moved to bar this expert's report and testimony, arguing that it is largely irrelevant, of little probative value, and not helpful to a jury's ability to understand a fact in issue. I wholly disagree. Such matters as taxes and governmental benefits are not

generally understood by the public. The assistance of a CPA's testimony[1] will be helpful understanding the defenses related to both liability and damages, and there is nothing inherently unfair about offering evidence to counter Plaintiff's claims for damages. The problems that Plaintiff has identified go not to admissibility but to weight. As such, these matters are properly the subject of cross examination; they do not provide a basis for barring the testimony.

I also note that the issue of offsetting back pay with unemployment compensation and disability benefits is discretionary with the court. See, Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1428-29 (7th Cir. 1986) and Flowers v. Komatsu Min. Systems, Inc., 165 F.3d 554, 558 (7th Cir. 1999). In this case, there is evidence that Plaintiff deliberately balanced his unemployment benefits, disability benefits and wages in an effort to maximize his income. While there is nothing inherently problematic with doing so, such an effort would, if proven, certainly affect the exercise of discretion as to offset.

Accordingly, the motion to bar [#15] is denied without prejudice to raising these issues on cross examination.

ENTER this 19th day of January, 2006.

/s John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] There does not appear to be a dispute about whether the CPA is qualified as an expert to render opinions about income and taxation.