UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EEOC, | ) | |
|         Plaintiff | ) | |
| | ) | |
| | ) | Case No. 04-1323 |
| | ) | |
| Studley Products Inc. and Wildwood Enterprises, Inc., | ) ) | |
|         Defendants | ) | |

**ORDER**

Now before the court are the plaintiff's two Motions in Limine (#23 and #25). For the following reasons Motion #23 is granted in part and denied in part, and Motion #25 is denied in its entirety.

MOTION IN LIMINE TO BAR EVIDENCE OF PRIOR WORK (#23)

In Motion #23, EEOC asks the court to bar Defendants from presenting any evidence[1] as to Barth's employment history, either with the Defendants or with other employers. According to the EEOC, this information is wholly irrelevant to Plaintiff's experiences with the Defendants[2].

Defendants argue that his voluntary resignation from their employ in 1989 (and subsequent denial of unemployment benefits) "taught" Barth to "plan" his employment and his terminations in order to maximize various benefits. In addition, they claim their evidence will show that, while employed between April 2002 and February 2003, Barth was able to engage in on-the-job communication without any need for an interpreter. They also intend

---

[1] The evidence includes 29 documentary exhibits dealing with the period from 1981 to 1990 when Barth was employed by defendants the first time, another 6 exhibits from 1990 to 1999 when his employer was the Missouri School for the Deaf, as well as 6 witnesses whose testimony relates to Barth's relationship with other employers.

[2] Defendants have stipulated that they were jointly plaintiff's employer.

to show that Barth could understand the disciplinary warnings, based on his understanding of the disciplinary warnings he received during his first tenure with Defendants. Finally, Defendants claim that Barth's disciplinary problems followed him wherever he went, without respect to whether he had an interpreter (while at the School for Deaf) or not (during his first employment with Defendants).

To the extent that these exhibits and witnesses go to any issue about the employers' obligation to provide an interpreter, EEOC points out that there was no legal requirement that an employer provide one until the ADA was enacted in 1992, prior to the dates at issue in the evidence being questioned. That argument, however, avoids the question of whether Barth's previous history with the Defendants demonstrated to them that he was capable of full participation in the workplace without an interpreter, which is the Defendants' defense to the accommodation portion of this case.

Whether there was a legal obligation to provide him an interpreter during his most recent employment is a conclusion that must be drawn from the facts. Those facts will then govern the instruction the jury is given, namely whether there was a legal obligation to provide an interpreter as an accommodation. Prior history of employment <u>by these Defendants</u> would be a factor in that analysis. To the extent that the Motion seeks a blanket order barring all evidence of Barth's prior employment with Defendants, the Motion is denied.

Evidence relating to Barth's employment <u>by other employers</u>, however, would only be marginally relevant, at best, to the issues in this case. Defendants must show that Barth's work performance on <u>this</u> job was the basis for the discipline and termination, so how he performed or what discipline he may have received at other places of employment is off the point. Similarly, his performance under different job conditions without an interpreter offers

little guidance as to need for an interpreter under the circumstances of his employment at Defendants. In particular, with respect to his employment history at the School for Deaf, everyone there already communicated in sign language, so his ability to function there without an interpreter is a non-issue. Evidence relating to his employment with any employer other than defendants is therefore inadmissible, and to that extent the motion in limine is granted.

The documents and testimony that are admissible in this case must relate to one of the two issues in this case, namely (1) whether the accommodation he requested (interpreter) was reasonable under the circumstances of his employment by defendants and (2) the quality of his job performance during his second term of employment with defendants. All the other documents and witnesses are barred as irrelevant. Given the large number of documents and the fact that not all of them have been provided to the Court, the parties are directed to apply this holding to the documents and testimony in question. If any specific dispute remains, it is to be brought to the Court's attention in writing on the first morning of trial.

This motion is therefore granted in part and denied in part as it applies to Barth's prior employment by defendants, and granted in full as to his employment by other employers.

### MOTION IN LIMINE IN RE MITIGATION EVIDENCE (#25)

In this motion, the EEOC asks that evidence of Plaintiff's failure to mitigate damages be presented only outside the presence of the jury. This is based on similar arguments that were presented in an earlier motion relating to Defendants' expert witness. According to the EEOC, mitigation of damages is an issue (1) unrelated to liability; and (2) related only to calculation of mitigation and set-offs, which is not a jury function. EEOC contends that the only "motivation" evidence that is relevant to liability or compensatory damages is the

defendants' motivation. Plaintiff's motivation goes only to mitigation and set off issues, according to EEOC, and should therefore only be presented to the court outside the presence of the jury.

The EEOC is trying very hard to have what amounts to a bifurcated trial, even though bifurcation on other grounds was earlier denied. But if Plaintiff had an economically motivated plan to get fired, as Defendants contend, then his failure to seek employment is evidence in support of that contention. According to Defendants, once Barth's "plan" to be fired was fulfilled, he immediately received benefits equivalent to a job paying $21,860 annually, a "back benefits" check for over $18,000, and then his benefits increased in the 6th month after termination to the equivalent of $30,170 annual wages.

Evidence of Plaintiff's plan (if there was one - and that is up to the jury to decide) is relevant to the defense of this case; it is not limited in relevance to issues of set off and mitigation. If the jury were to conclude that Plaintiff planned to be fired and took specific steps to reach that goal, then his claim that he was fired because of disability is incorrect. Evidence of any such plan should therefore be admissible in the case that goes to the jury. Accordingly, the Motion is denied.

## CONCLUSION

As explained herein, Motion #23 is granted in part and denied in part. Motion #25 is denied.

ENTER this 21st day of April, 2006.

> s/ John A. Gorman
>
> JOHN A. GORMAN
> UNITED STATES MAGISTRATE JUDGE

4