E-FILED
Friday, 28 April, 2006  04:30:05 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | **04 CV 1323** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Magistrate Judge Gorman** |
| | ) | |
| **Studley Products, Inc. and Wildwood Industries, Inc.** | ) | |
| | ) | |
| **Defendants,** | ) | |
| _____ | ) | |

## <u>CONSENT DECREE</u>

The Equal Employment Opportunity Commission (hereafter the "Commission" or the "EEOC") filed this action against Studley Products, Inc. and Wildwood Industries, Inc.  under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. EEOC alleges that Defendants, as the joint employers of Jerry Wayne Barth, failed to accommodate his disability (deafness) and then fired him because of his disability. Defendants  filed an answer to the action denying all material allegations of the Complaint. Neither side admits the claims or defenses of the other side. The parties have determined to resolve this action through the entry of this Consent Decree.

<u>Findings</u>

Having carefully examined the terms and provisions of this Consent Decree, the Court finds the following:

1.      This Court has jurisdiction of this case pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a)

of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, and § 2000e-6.

2.     This Court has jurisdiction over the parties.

3.     The terms and provisions of this Consent Decree are adequate, fair, reasonable, equitable and just.  This Consent Decree resolves all claims alleged by the EEOC in its Complaint. The rights of the parties and the interests of the public are adequately protected by this Consent Decree.

4.     This Consent Decree conforms with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights and privileges of any person.  The entry of this Consent Decree will further the objectives of the ADA.

WHEREFORE, upon the consent of the parties, IT IS ORDERED, ADJUDGED AND DECREED:

## Injunction

5.     Defendants and their officers, agents, employees, successors, assigns, and all persons acting in concert with them shall:

a)  not discriminate against disabled employees because of their disability;

b) adopt, publicize and enforce a policy of accommodating persons with disabilities; and

c) comply with the duty to accommodate provided for in the Americans with Disabilities Act.

## Non-Retaliation

6.      Defendants and their officers, agents, employees, successors, assigns, and all persons acting in concert with them shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under the Americans with Disabilities Act (ADA), filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA or asserted any rights under this Decree.

## Posted Notice

7.      Within 10 days after this Consent Decree is entered, and continuously for the duration of this Consent Decree, Defendants shall conspicuously post the Notice attached as Exhibit B on all bulletin boards commonly used for announcements from Defendants to their employees.  Within 20 calendar days after entry of this Consent Decree, Defendants shall certify to the EEOC in writing that the notice has been posted.  Twelve months later they shall certify to the EEOC in writing that the Notice remains posted.

## Monetary Relief

8.      Within 10 days after submission by Jerry Wayne Barth of a signed release of claims under the ADA,  attached as Exhibit A, Defendants shall pay to him $33,000. Said amount shall represent compensatory damages and there shall be no withholding from that amount. Contemporaneously, Defendants shall furnish to EEOC a copy of the check.

9.      The EEOC and Defendants shall bear their own costs and attorneys' fees.

## Training

10.      Within ninety days of entry of this Decree all of Defendants' supervisors and employees who handle human resources (personnel) matters, shall receive training regarding the requirements of the Americans with Disabilities Act.

3

11.     Defendants shall obtain the EEOC's approval of the proposed trainer prior to the training session.  Defendants shall submit the name, address, telephone number, resume and training proposal of the proposed trainer to the EEOC at least fifteen days prior to the proposed date of the training. The EEOC shall have five calendar days from the date of receipt of the information described above to accept or reject the proposed trainer. If EEOC rejects the proposed trainer, it shall within 10 days submit to Defendants  the names and addresses of three proposed trainers.  Defendants shall have 10 days thereafter to accept one of the trainers.  If the parties cannot through this process agree on a trainer, then either party may apply to the Court for appropriate relief.

12.     Defendants shall certify to the EEOC in writing within five business days after the training has occurred that the training has taken place and that the required personnel have attended.  Such certification shall include: (i) the date, location and duration of the training; and (ii) the name and position of each person in attendance.

## Record Keeping

13.     For the duration of this Decree, Defendants shall maintain and make available for inspection and copying by the EEOC records (including name, social security number, address, and telephone number) of each employee who complains of disability discrimination, or a failure to accommodate his or her disability. Such reports shall indicate the date the complaint was made, who made it, what was alleged, and what actions Defendants took to resolve the matter.

14.     For the duration of this Decree, Defendants shall make all documents or records referred to in Paragraph 13 above, available for inspection and copying within ten (10) business days after the EEOC so requests.  In addition, for the duration of this Decree, Defendants shall make available on ten (10) business days notice their supervisory personnel whom the EEOC

4

requests to interview for purposes of verifying compliance with this Paragraph.

## Reporting

15.     Defendants shall furnish to the EEOC written reports every six months for the term of this Decree.  The first report shall be due six (6) months after entry of the Decree.  Each such report shall contain the name and address of each employee who, in the last six months, complained of disability discrimination and/or a failure to accommodate a disability, and the nature of the complaint. If no employee made such a complaint an officer of Defendants shall submit a signed statement so stating. Each report shall also contain a statement signed by an officer of Defendants that the Notice required to be posted in  paragraph 7, above, remained posted during the entire six month period preceding the report.

## Enforcement

16.     This Consent Decree shall be in effect for the period of two years, during which time the Court shall retain jurisdiction of the parties and of this action for the purpose of enforcing the provisions of this Consent Decree.

17.     If any provision of this Consent Decree is found to be unlawful, only the specific provision in question shall be affected and all other provisions will remain in full force and effect.

18.     If the EEOC has reason to believe that Defendants are not complying with this Consent Decree, the EEOC shall so notify Defendants in writing.  Defendants will then have ten business days in which to achieve compliance or to satisfy the EEOC that there has been no non-compliance; if Defendants do neither, the EEOC shall have the right to apply to the Court for appropriate relief.  If Defendants fails to pay the monetary amount specified above within the time provided, the EEOC may apply to the Court for appropriate relief.

5

**Miscellaneous Provisions**

19.     The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, assigns, and successors of Defendants in their capacities as representatives, agents, directors and officers of Defendants, and not in their individual capacities.

20.     When this Decree requires the submission by Defendants of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to Gordon Waldron, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661.  When this Decree requires submission by the EEOC of materials to Defendants, they shall be mailed to  Davis and Campbell  L.L.C., c/o J. Reed Roesler,  at 401 Main St.  Suite, 1600, Peoria, IL 61602-1241.

21.   Should Defendants receive a request for a reference in regard to Jerry Wayne Barth, they shall provide his position, and dates of employment, and otherwise give a neutral reference. Barth  shall be considered to have voluntarily resigned from Defendants.

22.     Defendants, and any successor of Defendants, will provide a copy of this Decree to any organization which proposes to acquire or merge with Defendants, or any successor of Defendants, prior to the effectiveness of any such acquisition or merger.  This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court of contempt for a violation of this Decree.

23.     The EEOC and Defendants shall bear their own costs and attorneys' fees.

Approved for Plaintiff:

James L. Lee, Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity   Commission
1801 L Street, N.W.
Washington, D.C.  20507

John C. Hendrickson
Regional Attorney

Jean Powers Kamp
Associate  Regional Attorney

s/ Gordon Waldron
Gordon Waldron, Bar Number 02920646
Senior Trial Attorney
Equal Employment Opportunity   Commission
500 West Madison Street,  Suite 2800
Chicago, Illinois  60661
(312) 353-7525
 gordon.waldron@eeoc.gov

s/ J. Reed Roesler
J.  Reed Roesler, Bar Number 3124646
Attorney for Defendants
 Davis and Campbell L.L.C.
401 Main St.  Suite, 1600
Peoria, IL 61602-1241
(309) 673-1681
Jrroesler@dcamplaw.com

ENTERED AND ORDERED THIS 28th DAY OF April, 2006

s/ John A. Gorman
Magistrate Judge Gorman


**EXHIBIT A**
**RELEASE AGREEMENT**

I, Jerry Wayne Barth, for and in consideration of the sum of $33,000 payable to me

pursuant to the terms of the Consent Decree entered by the Court in  EEOC  v.  Studley Products,

Inc.  and Wildwood Industries, Inc., 04 CV 1323, (C.D. Illinois) on behalf of myself, my heirs,

assigns, executors, and agents, do hereby forever release, waive, remise, acquit, and discharge

7

Defendants and all past and present shareholders, officers, agents, employees, Directors and representatives of them from any and all claims and causes of action of any kind which I now have or ever have had under, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117 et seq.  as a result of or arising from the subject matter and claims which were or which could have been asserted in the above suit.


_____                    _____
Date                                                               Signature


_____
Print Address

8

**EXHIBIT B**

**NOTICE TO EMPLOYEES**

This Notice is being posted pursuant to a Consent Decree entered by the federal court resolving a lawsuit filed by the Equal Employment Opportunity Commission, entitled  EEOC v. Studley Products, Inc.  and Wildwood Industries, Inc., 04 CV 1323, (C.D. Illinois).

In its suit, the EEOC alleged that Defendants failed to provide an American Sign Language Interpreter to a deaf employee and fired him because of his disability. Defendants filed an answer to the action denying all material allegations of the Complaint. Neither side admits the claims or defenses of the other side.

To resolve the case, Defendants and the EEOC have entered into a Consent Decree which provides for monetary relief and also provides that:

1) Defendants will not discriminate against disabled employees because of their disability.

2) Defendants shall adopt, publicize and enforce a policy of accommodating persons with disabilities and shall comply with the reasonable accommodation requirements of the Americans with Disabilities Act ("ADA");

3) Defendants will not retaliate against any person because (s)he opposed any practice made unlawful by the ADA, filed an ADA charge of discrimination, participated in any ADA proceeding, or asserted any rights under the Consent Decree;

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability.  The laws also prohibit discrimination against a person who has complained of illegal discrimination or who has participated in an investigation or enforcement proceeding under such laws. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-2713.  The EEOC charges no fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice or compliance with its terms may be directed to: Studley  Settlement,  EEOC, 500 West Madison Street, Suite 2800, Chicago, IL 60661.**

_____                    _____
Date                                      Magistrate Judge Gorman

9